UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-05178-AYP Date: September 15, 2026

Title Erminio Castro Jimenez v. Jaime Rios et al

Present: The Honorable: ANNA Y. PARK, UNITED STATES MAGISTRATE JUDGE

| M. Pogosyan | |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |

**Proceedings: (In Chambers) ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER [Dkt. No. 3]**

On September 8, 2026, Erminio Castro Jimenez ("Petitioner") filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition," Dkt. No. 1) and an Motion for a Temporary Restraining Order ("TRO," Dkt. No. 3). Petitioner is currently detained by Immigration and Customs Enforcement ("ICE") at Desert View Annex Detention Facility located in San Bernardino County within the Central District and seeks a TRO requiring Respondents to release him from detention.

This case is governed by Central District of California General Order 26-05, which was adopted in response to the substantial and increasing volume of § 2241 immigration habeas petitions filed in this District and to ensure their uniform, expedited, and orderly resolution on the merits. (*See* Dkt. No. 6.) The General Order establishes an accelerated briefing schedule—requiring a government answer within seven days of service and a prompt reply thereafter—along with procedures for immediate service and prompt adjudication of the petition in its entirety. Pursuant to the General Order, the Court set a briefing schedule for the petition for writ of habeas corpus in this case: Respondents' answer is due by September 15, 2026, and Petitioner's reply is due no later than 3 days after the answer is served. *Id*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-05178-AYP Date: September 15, 2026

Title Erminio Castro Jimenez v. Jaime Rios et al

In light of this governing structure, Petitioner cannot demonstrate the requisite basis for emergency relief under *Winter v. Natural Resources Defense Council*, because the alleged harm is already addressed through the expedited adjudication of the underlying habeas petition. *Winter v. Natural Resources Defense Council*, 555 U.S. 7 (2008) (Petitioner "must establish ... that he is likely to suffer irreparable harm in the absence of preliminary relief"). Thus, the Court concludes that Petitioner is not entitled to immediate relief.

Accordingly, and because the expedited procedures established by General Order 26-05 provide for prompt resolution of the Petition itself, the ex parte Application for Temporary Restraining Order is DENIED without prejudice.

**IT IS SO ORDERED.**

:

**Initials of Preparer** mp