**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

ERMINIO CASTRO JIMINEZ,

Petitioner,

v.

JAIME RIOS, et al.,

Respondents.

Case No. 5:26-cv-05178-AYP

**ORDER GRANTING PETITION AND ISSUING WRIT FOR HABEAS CORPUS**

## I. SUMMARY

Petitioner Erminio Castro Jimenez ("Petitioner") filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner is currently detained by Immigration and Customs Enforcement ("ICE") at the Desert View Annex, an immigration detention facility in Adelanto, California since August 23, 2026.

Having reviewed the record, and consistent with several recent decisions by this Court and in this District, the Court concludes that Petitioner's detention violates due process. Accordingly, the Court ORDERS that the Petition be granted, and a writ of habeas corpus be issued requiring Petitioner's immediate release and prohibiting future re-

detention absent adequate pre deprivation notice and an individualized hearing.

## II. FACTS AND PROCEDURAL HISTORY

Petitioner Erminio Castro Jimenez (A#246-062-144) ("Petitioner") is a native and citizen of Mexico. (Dkt. No. 1 at 2 ("Petition").) He entered the United States without admission or inspection near the border in November of 2006. *Id.* Petitioner asserts that he has never been arrested or convicted of any offense. *Id.* Prior to his detention, Petitioner asserts he has maintained steady employment. *Id.* He has lived continuously and at liberty for approximately twenty (20) years. Petitioner has substantial ties in the United States, including a brother and adult children. *Id.* Petitioner is married with five children who depend on him. *Id.*

Petitioner asserts that on August 23, 2026, he was on his way to work when he was taken into custody by immigration officials. *Id.* He also asserts that he received no advance notice of the detention. *Id.*

Petitioner asserts his due process rights were violated when he was taken into custody without being afforded an individualized custody hearing or any explanation for the sudden detention. *Id.* at 10. He asserts a liberty interest because of his over twenty (20) years of living, working, and raising a family in the community without posing a flight risk or danger to the community. *Id.* at 11. Petitioner also asserts that Respondents detained Petitioner without statutory authority under 8 U.S.C. § 1226(a). *Id.* at 12.

Respondents assert that Petitioner is detained under § 1226(a) and detention is discretionary. (Dkt. No. 10 ("Answer").) Respondents assert that this is Petitioner's first detention and therefore he is not entitled to a pre-detention hearing or release. *Id.* at 2. Respondents state that although

"'DHS makes the initial custody determination, aliens subject to § 1226(a) can seek bond hearings before an immigration judge (IJ) and further review in the Board of Immigration Appeals (BIA).' *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1167 (9th Cir. 2026)." *Id.* at 3. Respondents argue that Petitioner is only entitled to a custody redetermination before an IJ. Additionally, Respondents argue that exhaustion is not a jurisdictional requirement but prudential. *Id.* Petitioner not posing a danger to the community or flight risk is a decision to be determined by an IJ. As such, Respondents argue that the Petition should be dismissed to allow Petitioner to request a bond hearing. *Id.*

Petitioner asserts in his Reply that Respondents fail to dispute the material facts in the Petition and fail to address Petitioner's due process claims. (Dkt. No. 11 ("Reply").) The question here is "not whether § 1226(a) generally authorizes detention, but whether the procedures afforded to this Petitioner, under the particular circumstances of his detention beginning August 23, 2026, satisfied due process." *Id.* at 3. Petitioner argues he was entitled to a hearing before his detention given his more than twenty (20) years of residing in the community. *Id.* Petitioner argues that exhaustion is futile and would not remedy his constitutional violation. *Id.* at 7. Petitioner was detained without a bond hearing, custody determination, and individualized assessment of any kind before Respondents took him into custody. *Id.* As such, Petitioner is entitled to release.

## III. DISCUSSION

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The essence of habeas corpus is an

attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A petitioner held in custody in violation of the Constitution or federal law is entitled to habeas relief. *See* 28 U.S.C. § 2241(c)(3). Due process, which extends to noncitizens present in the United States, prohibits deprivations of life, liberty and property without due process of law. *See* U.S. CONST. amend. V; *Trump v. J.G.G.,* 604 U.S. 670, 673 (2025); *Zadvydas v. Davis*, 533 U.S. 678, 693–94 (2001). Due process requires that a person be afforded notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).

Respondents concede that Petitioner is a § 1226(a) detainee. (Ans. at 2.) Respondents assert that Petitioner is lawfully detained because this is his first detention. *Id*. Under *Rodriguez Vazquez,* "Petitioner is entitled to a custody redetermination hearing before an IJ," but Petitioner is attempting to "bypass the administrative process." (Ans. at 3.)

Respondents do not address Petitioner's due process claim or the challenge to the circumstances of his detention under § 1226(a) asserted in the Petition. (Dkt. Nos. 1 & 11.) Respondents' choice to not oppose Petitioner's due process claim in their Response is in effect a concession that the Petition should be granted. *See e.g., Soleimani v. Larose*, No. 25-CV-3082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) (granting habeas petition where government's response to the petition failed to respond to numerous claims raised in the petition, including a Fifth Amendment due process claim); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, at *4 (C.D. Cal. Dec. 15, 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession); *Stichting Pensioenfonds ABP v. Countrywide*

*Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) (noting that "failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue").

"Section 1226(a) 'sets out the general rule' for 'the arrest, detention, and release' of '[noncitizens] present in the country' 'who are believed to be subject to removal.'" *Orea Ruiz v. Acting Warden, Adelanto Det. Ctr.*, No. 5:26-CV-04807-MBK, 2026 WL 2644102 at *3 (C.D. Cal. Sept. 8, 2026) (quoting *Nielsen v. Preap*, 586 U.S. 392, 396 (2019)). The procedural protections under § 1226(a) and its regulations include, inter alia: (1) a general requirement that arrest of a noncitizen requires an administrative warrant (Form I-200) issued by certain immigration officers, *see* 8 C.F.R. § 236.1(b)3; (2) an initial custody determination by a Department of Homeland Security ("DHS") officer shortly after the outset of detention, in which the noncitizen has the opportunity to "demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding," *see* 8 C.F.R. § 1236.1(c)(8); (3) the right to seek review of the officer's initial custody determination through a prompt bond hearing before an IJ based on individualized evidence, wherein the IJ will order release on bond if the noncitizen establishes that they are not "a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk," *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022) (*quoting Matter of Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006)); (4) the right to appeal an adverse IJ bond decision to the BIA, *see Rodriguez Diaz*, 53 F.4th at 1197 (citing 8 C.F.R. § 236.1(d)(3)); and (5) the right to "request an additional bond hearing whenever he experiences a material change in circumstances," *Rodriguez*

*Diaz*, 53 F.4th at 1197. *See Orea Ruiz*, 2026 WL 2644102, at *4 (explaining this statutory and regulatory framework of § 1226(a)); *Garcia-Maya v. Blanche*, No. 2:26-CV-01513-RFB-BNW, 2026 WL 1965886 at *4 (D. Nev. July 7, 2026) (listing such § 1226(a) protections); *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility,* No. 1:26-CV-05661-DAD-SCR (HC), 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026) (listing cases where courts have determined such violations of the § 1226(a) requirements to be "a sufficient basis mandating a petitioner's release").

**A. Due Process Requires a Determination that Detention is Warranted under Section 1226(a)**

While § 1226(a)'s "extensive procedural protections" arise from the statute and its regulations, they are also grounded in due process principles. The Supreme Court has recognized that due process requires that immigration detention bear a "'reasonable relation'" to a non-punitive purpose. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (*quoting Jackson v. Indiana*, 406 U.S. 715, 738 (1972)). There are two permissible non-punitive purposes for detention under the immigration laws: ensuring a noncitizen's appearance at removal proceedings or removal and preventing danger to the community. *Id.* at 690–92. "In the context of immigration detention, it is well settled that due process requires adequate procedural protections to ensure that the government's asserted justification for physical confinement outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017) (cleaned up). *See also Padilla v. United States Immigr. & Customs Enf't*, No.24-2801, 2026 WL 2822044, at *16 (9th Cir. Sept. 21, 2026) (recognizing that "the principle that the government cannot arbitrarily detain people, including

noncitizens, has been a central tenet of British and American legal traditions since the thirteenth century" and discussing the history of protections against arbitrary detention applied to noncitizens). Section 1226(a), and its implementing regulations, establish procedures to ensure that the Government only detains noncitizens where it advances its legitimate interests in preventing danger and flight.

Regardless of whether the individual is arrested pursuant to a warrant or DHS's warrantless arrest authority, DHS officers are to conduct an initial custody determination to decide whether to release or detain the person under § 1226. 8 C.F.R. § 236.1(c)(8). Unless the person is subject to mandatory detention under § 1226(c) based on their criminal history, DHS has "the discretion either to detain the alien or to release him on bond or parole." *Nielsen*, 586 U.S. at 396. The DHS officer must release the noncitizen if the noncitizen "demonstrate[s] to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." 8 C.F.R. § 236.1(c)(8). DHS utilizes a Notice of Initial Custody Determination, Form I-286, to document its custody determinations. 8 C.F.R. § 236.1(g).

The Form I-286 includes "the formal mechanism—a box the detainee may check—to immediately request" that an Immigration Judge ("IJ") review DHS's custody determination at a custody redetermination hearing (i.e., a bond hearing). *Garcia-Maya v. Blanche*, No. 2:26-cv-01513-RFB-BNW, 2026 WL 1965886, at *8 (D. Nev. July 7, 2026). If the noncitizen checks this box, or otherwise requests a custody redetermination hearing, an IJ will set a hearing in Immigration Court. *See* 8 C.F.R. §§ 1236.1(d)(1), 1003.19. "If at this hearing the detainee demonstrates by the preponderance of the evidence that he is not 'a threat to national security,

a danger to the community at large, likely to abscond, or otherwise a poor bail risk,' the IJ will order his release." *Rodriguez Diaz v. Garland*, 53 .4th 1189, 1197 (9th Cir.2022) (quoting *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006)). The noncitizen can "appeal an adverse decision to the BIA." *Id.* (citing 8 C.F.R. § 236.1(d)(3)). Alternatively, "an individual detained pursuant to § 1226(a) may request an additional bond hearing whenever he experiences a material change in circumstances." *Id.* (citing 8 C.F.R. § 1003.19(e)). "The same procedures apply to this new hearing, and its outcome is also appealable to the BIA." *Id.* The noncitizen may also seek judicial review of the immigration courts' bond determination through a habeas petition challenging the determination as constitutionally deficient, legally erroneous, or an abuse of discretion. *See Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024). Reviewing this statutory and regulatory framework, the Ninth Circuit has observed that "Section 1226(a) and its implementing regulations provide extensive procedural protections that are unavailable under other detention provisions, including several layers of review of the agency's initial custody determination, an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Rodriguez Diaz*, 53 F.4th at 1202.

The INA only authorizes immigration authorities to arrest an individual under § 1226(a) with a warrant issued by certain designated supervisory officers or, in limited circumstances, without a warrant based on probable cause and a determination that the individual is likely to escape.

For individuals taken into custody, the regulations require that DHS must conduct a prompt custody review and, if it determines that detention

is warranted, provide the individual with an opportunity to request IJ review at a bond hearing. These procedures serve several important due process purposes. The initial custody review ensures that DHS only detains a noncitizen where officers determine that detention is justified on an individualized basis and engages "in a deliberative process prior to, or contemporaneous with, the initial decision to strip a person of the freedom that lies at the heart of the Due Process Clause." *Kelly v. Almodovar*, No. 25-cv-6448-AT, 2025 WL2381591, at *3 (S.D.N.Y. Aug. 15, 2025) (quotations omitted). It also requires DHS to provide written justification for a decision to detain and "create[s] a record that permits meaningful review of whether the required procedure occurred." *Dos Reis v. McShane*, No. 26-cv-3775, 2026 WL 1746649, at *5 (E.D. Pa. June 17, 2026) ("A contemporaneous, individualized custody determination require[s] ICE to explain why detention, rather than release on conditions, is necessary for *this* Petitioner.") (emphasis in original). The initial custody determination is also the "mechanism" by which noncitizens are advised that they can seek review before an IJ and provided an opportunity to request such review by checking a box on the Form I-286. *See Garcia-Maya*, 2026 WL 1965886, at *8. Absent an initial custody review, a noncitizen may not be aware that they are eligible for a bond hearing or know how to request one. *See Castellanos Franco v. Warden, Adelanto ICE Processing Ctr., et al.*, No. 5:26-cv-05549-MWC-DMK, 2026 WL 2922670, at *4–5 (C.D. Cal. Sept. 29, 2026) ("Respondents' 'failure to provide petitioner with any of § 1226(a)'s 'substantial procedural protections,' ... including the right to request an initial custody re-determination before an IJ under 8 C.F.R. § 1236.1(d), violated procedural due process.'") (quoting *Rivas Garcia v. Current or Acting Field Dir.*, No. 1:26-cv-03245-DAD-SCR, 2026 WL 1265937, at *4 (E.D. Cal. May 8, 2026)). And even when a noncitizen

requests a bond hearing before an IJ, it may be weeks or months until the hearing is scheduled. *See generally Trujillo-Hernandez v. Mullin, et al.*, No. 5:26-cv-03282-SP, 2026 WL 2826326, at *5 (C.D. Cal. Sept. 21, 2026).

Without an initial custody determination, then, a person could be confined for a prolonged period without any determination that such a profound deprivation of their liberty is actually justified. In light of the critical importance of the procedures available under § 1226(a) at the outset of an individual's detention, numerous courts have recognized that "section 1226(a) requires an individualized custody determination before detention and failure to do so is 'in itself [ ] a violation of [petitioner's] due process rights.'" *Lopez Esteban v. Warden-Facility Adm'r of Nw. Processing Ctr.*, No. 2:26-cv-02548-JHC, 2026 WL 2686824, at *4 (W.D. Wash. Sept. 14, 2026) (quoting *Pastrana-Beltran v. Mullin*, 2026 WL 1398609, at *2 (E.D.N.Y. May 19, 2026) and collecting cases). *See also Occeus v. Warden, California City Detention Facility*, No. 1:26-cv-07057-TLN-SCR, 2026 WL 2858725, at *1 (E.D. Cal. Sept. 23, 2026) ("Petitioner was denied statutory and regulatory protections under § 1226(a) and 8 C.F.R. § 1236.1(d) for a period of months in this case, which constitutes a separate procedural due process violation."); *Angulo-Barbosa v. Blanche, et al.*, No. 2:26-cv-02102-RFBBNW, 2026 WL 2676815, at *2 (D. Nev. Sept. 11, 2026) ("the Court finds Petitioner's detention without notice of an initial custody determination violates Petitioner's right to substantive and procedural due process"); *Rodriguez v. Knight, et al.*, No. 1:26-cv-00505-BLW, 2026 WL 2641448, at *3 (D. Idaho Sept. 8, 2026) ("the Government violated his due process rights by denying him the individualized custody determination required under § 1226(a)"); *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-cv-05661-DAD-SCR, 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026); *J.T.G. v. Genalo*, No. 26-cv-4521-

AT, 2026 WL 1724325, at *4 (S.D.N.Y. June 15, 2026); *Curimilma Quille v. Blanche*, No. 26-cv-2818-HG, 2026 WL1453889, at *4 (E.D.N.Y. May 22, 2026).

**B. Petitioner's Detention Was Unlawful Warranting Release**

Petitioner asserts that he was detained without notice or an initial custody determination. (Pet.) Respondents offer no evidence as to whether a warrant was obtained or if the arresting officers had "reason to believe" that Petitioner was "likely to escape" before a warrant could be obtained.

Respondents state that "[a]lthough DHS makes the initial custody determination, aliens subject to § 1226(a) can seek bond hearings before an immigration judge (IJ) and further review in the Board of Immigration Appeals (BIA)." (Ans. at 3 (quoting *Rodriguez Vazquez*, 183 F.4th at 1167).) However, Respondents do not addressed whether an initial custody determination was made by DHS.

Respondents do not address whether ICE conducted an initial custody review. Respondents did not submit the I-213 or Form I-286 for Petitioner and nothing in Respondents submitted evidence suggests that an initial custody review was completed. (*See generally* Ans.) Without the Form I-286, and absent an initial custody review, the noncitizen may not be aware of his eligibility to a bond hearing or know to request one. *See Castellanos Franco v. Warden, Adelanto ICE Processing Ctr., et al.*, No. 5:26-cv-05549-MWC-DMK, 2026 WL 2922670, at *4–5 (C.D. Cal. Sept. 29, 2026).

Petitioner was not afforded the due process he was owed as a § 1226(a) detainee. Individuals held in custody must be promptly brought before an examining officer to determine if the person is subject to

removal, 8 C.F.R. § 287.3(a), and referred for a custody determination within "48 hours of the arrest" absent an emergency or other extraordinary circumstances. 8 C.F.R. at § 287.3(d). The noncitizen has the opportunity to "demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding," *see* 8 C.F.R. § 1236.1(c)(8).

Based upon the record, the Court therefore concludes that Petitioner that his arrest and detention violated 8 U.S.C. § 1226(a) and due process for the reasons discussed *supra*.

**C. Relief**

The Court must determine, then, the proper remedy for the violation of Petitioner's rights. Respondents argue that Petitioner would only be entitled to a bond hearing to be held before an Immigration Judge under § 1226(a). (Ans.) However, as most courts to address this issue have concluded, the "failure to comply with the procedures set forth by 8 U.S.C. § 1226(a) and its implementing regulations during a petitioner's initial detention renders that detention unlawful and that unlawfulness cannot be cured through belated compliance with statutory requirements." *Zurita Navarro*, 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026); *J.T.G.*, 2026 WL 1724325, at *4 ("Because J.T.G.'s detention was unlawful from the outset, the government cannot cure its procedural failures by providing a custody determination three weeks later."). *See also Lopez Esteban*, 2026 WL 2686824, at *4 (collecting cases). "The suggestion that government agents may sweep up any person they wish without consideration of dangerousness or flight risk, so long as the person will, at some unknown future date, be allowed to ask some other official for his or her release,

offends the ordered system of liberty that is the pillar of the Fifth Amendment." *Gonzalez v. Joyce*, No. 25-cv-8250-AT, 2025 WL 2961626, at *5 (S.D.N.Y. Oct. 19, 2025).

Petitioner has now been confined since August 23, 2026, without any determination that this lengthy detention is warranted. A bond hearing belatedly conducted at some point in the future is "no substitute" for an initial custody determination that would have established "a lawful basis for detention in the first instance." *Garcia-Maya*, 2026 WL 1965886, at *8 (quoting *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 497 (S.D.N.Y. 2025)). Because Petitioner's detention has been unlawful from the outset, the Court concludes that the "most appropriate remedy for this violation would be to return Petitioner to the previous status quo by releasing him from detention." *Reyes v. Santacruz, Jr., et al.*, No. 26-cv-3394-E, 2026 WL 2069974, at *2 (C.D. Cal. July 13, 2026). The Ninth Circuit has recognized that "the purpose of habeas remedies is to put the defendant back in the position he would have been in if the constitutional violation never occurred." *Lujan v. Garcia*, 734 F.3d 917, 935 (9th Cir. 2013) (cleaned up). *See also United States v. Stein*, 541 F.3d 130, 146 (2d Cir. 2008) (recognizing that the "[t]he appropriate remedy for a constitutional violation is one that as much as possible restores" a litigant "to the circumstances that would have existed had there been no constitutional error") (cleaned up). This principle has particular force where, as here, the protections at issue are intended to prevent an unlawful detention in the first place. *See United States v. Morrison*, 449 U.S. 361, 364 (1981) (observing "the general rule that remedies should be tailored to the injury suffered"). Finally, the Court observes that Respondents do not argue that Petitioner is in fact a danger or flight risk, or that there is any other basis for his continued detention.

There is nothing in the record before this Court to suggest that Petitioner, who has lived productively in the United States since 2006, with no criminal history, poses any danger or risk to the safety of the community. (*See* Pet.; Ans.; Reply.)

Respondents did not comply with § 1226(a)'s requirements. Thus, Petitioner's detention has been "unlawful from the outset." *Orea Ruiz*, 2026 WL 2644102, at *7; *see Torres Huerta v. Facility Adm'r, Cent. Valley Annex ICE Processing Ctr.*, No. 1:26-cv-04609 (VC), 2026 WL 2751763, at *1 (E.D. Cal. Sept. 16, 2026) (finding that, because respondents "have not argued that Petitioner was provided the process to which she was statutorily entitled to under § 1226(a), or that Petitioner may be a danger to the community or flight risk if released, her continued detention without any kind of custody determination is unlawful"); *Zurita Navarro*, 2026 WL 2294963, at *2 (finding petitioner's detention unlawful where respondents failed to provide a warrant of arrest, to indicate whether an authorized immigration official made an initial custody determination, or to provide the basis for custody or whether petitioner had notice).

## IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that: (1) Judgment be entered granting the Petition; (2) a writ of habeas corpus be issued requiring Petitioner Erminio Castro Jimenez (A#246-062-144) immediate release and restoration of liberty to the conditions existing prior to August 23, 2026, along with his personal belongings, including identification, passport, work permits, and other documentation, and preventing his re-detention absent pre-deprivation notice and a constitutionally adequate pre-deprivation hearing at which the Government must justify the need to confine him prior to his re-detention;

and (3) the parties shall file a joint status report no later than seven (7) days from the date of this Order confirming that Petitioner has been released from Respondents' custody.

IT IS SO ORDERED.

DATED: November 25, 2026

HON. ANNA Y. PARK
UNITED STATES MAGISTRATE JUDGE